**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CHARLES MOYER and JANIE MOYER, individually, and as parents and legal guardians of VICTOR MOYER, formerly a minor, TREVOR MOYER, and VICTOR MOYER,**<br><br>　　**Plaintiffs,**<br><br>**v.**<br><br>**NEW PRIME, INC., d/b/a PRIME, INC.,**<br><br>　　**Defendants.** | **CIVIL ACTION FILE NO.: 1:15-CV-4205-MHC** |

## PLAINTIFFS' FIRST MOTIONS IN LIMINE

Comes now the Plaintiffs, by and through their undersigned counsel of record, and files this, their First Motions in Limine.  Given that Plaintiffs have not yet seen Defendant's actual exhibits for trial, Plaintiffs reserve the right to file additional motions in limine once they have examined Defendant's trial exhibits.

### 1.    Collateral Source Information is Inadmissible

Plaintiffs received various collateral source benefits to pay for the medical treatment at issue in this case. Given that collateral source information is inadmissible, Plaintiffs seek an order preventing the admission of this information

before the jury, and request that any medical records or bills submitted to the jury be appropriately redacted, and that any insurance documents be excluded. Plaintiffs also request that no mention be made to any collateral source information, including any write-offs that were done as a result of said collateral sources. *Denton v. Con-Way Southern Express, Inc.,* 261 Ga. 41 (1991). "The collateral source rule applies to payments made by various sources, including insurance companies, beneficent bosses, or helpful relatives." *Hoeflick v. Bradley*, 282 Ga. App. 123, 124, 637 S.E.2d 832, 833 (2006).

### 2.    Attacks on Opposing Counsel

While not expecting such action in this particular case, Plaintiffs move for an order in limine preventing any reference or suggestion that could be construed as an attack and/or uncivil comments about the parties' trial counsel, either by the parties or their attorneys. Attacks on adversarial counsel have no place with the truth-seeking context of litigation. *Meinhand v Folsom Brothers*, 3 Ga. App. 251, 59 S.E. 830 (1907).

### 3.    Financial Consequences of Verdict on Defendant

Plaintiffs seek an order excluding any suggestion that Defendant is a party of modest means who cannot afford to pay a substantial judgment. *Adams v. Camp*

*Harmony Association*, 190 Ga. App. 506, 508, 379 S.E.2d 407, 409 (1989). The financial consequences of the verdict in this case are inadmissible. *Northwestern University v. Crisp*, 211 Ga. 636, 641, 88 S.E.2d 26, 31 (1955).

### 4.    Plaintiffs' Use of Award

Plaintiffs seek an order in limine excluding any reference or suggestion as to what Plaintiffs will or might do with any award of damages Plaintiffs might receive. O.C.G.A. § 24-2-1 and § 24-2-2; *Gusky v. Candler General Hospital*, 192 Ga. App. 521, 385 S.E.2d 698, 701 (1989). *Hall v. Chicago & Northwestern Railway Co.*, 125 N.E.2d 77, 86 (Ill. 1955).

### 5.    Money Will Not Undo Damage Argument

Plaintiffs seeks an order in limine excluding any reference or suggestion to the effect that "money won't undo the injury and damage the Plaintiffs may have sustained", because such a suggestion is an improper appeal for jury sympathy toward Defendant. Such an argument invites the jurors to disregard their duty to apply the legal measure of damages and instead to base a verdict on improper considerations. O.C.G.A. § 24-2-1; *Central of Georgia Railway v. Swindle*, 260 Ga. 685, 687, 398 S.E.2d 365, 367 (1990) (trial should not be invaded by improper considerations).

**6.      Any Argument, Testimony or Comment Comparing Plaintiffs'
          Lawsuit to Playing the Lottery Should be Excluded**

Arguments comparing a plaintiff's personal injury lawsuit to playing the lottery have become more prevalent in recent years. Any such argument is improper and should be excluded.

There is no Georgia authority what has addressed this issue. However, the Supreme Court of South Dakota has considered this precise issue, and its opinion in *Schoon v. Loobv*, 2003 S.D. 123, 670 N.W.2d 885 (2003) is enlightening and instructive. In *Schoon*, the plaintiff in a medical malpractice case appealed from a defense verdict and the denial of a motion for new trial. The basis for the appeal was improper comments made by defense counsel during final argument. Those comments included referring to the lawsuit as the plaintiff's quest for "lotto or power ball or whatever they call it, let's really roll the dice big." *Schoon*, 670 S.W. 2d at 890.

In reversing the trial court's denial of the plaintiff's motion for new trial, the South Dakota Supreme Court wrote:

Defense counsel's accusation that plaintiff was trying to hit the lottery by her lawsuit demeaned not only the plaintiff but also the judicial system itself.

-4-

The comments denigrated the fairness, integrity and public perception of the judicial system. <u>Counsel's reference to playing lotto or power ball, or rolling the dice, were only meant to inflame the jury and were beyond the bounds of proper final argument.</u> These comments would not have gone unheeded by the jury. The judge and jury rely on the lawyers to present their arguments to help the jury sort out the evidence and understand how the law applies to the facts. Interposing remarks such as we see here add nothing to that objective, and can only be meant to persuade the jury to decide the case based on passion and prejudice.

*Id.* at 891.  (*Emphasis Supplied*)

Because of the prejudicial and inflammatory nature of such an argument, any suggestion that Plaintiffs' interest is in such things as "hitting it big, gambling, or playing the lottery" - rather than in compensation for actual injuries sustained - should be precluded as demeaning not only to the Plaintiffs, but to the judicial system itself.

### 7.    Personal Belief of Counsel Regarding Credibility of Witnesses

Plaintiffs seek an order in limine excluding any reference or suggestion by defense counsel as to their personal belief concerning the credibility of any

witnesses or of the parties, or as to the merits of Plaintiff's claims, injuries, or damages. *Manning v. State*, 123 Ga. App. 844, 846, 182 S.E.2d 690, 692 (1971).

### 8.    Employment of Counsel

Defendant should be prohibited from any reference or suggestion regarding the time or circumstances under which the Plaintiffs employed their attorney. Defense counsel should be prohibited from asking any questions relating to when, how or why Plaintiffs hired their attorney, and Defendant, or any witness interrogated by Defendant's counsel not insinuate, interrogate, testify or argue pertaining to any matter related to the time or circumstances under which the plaintiffs employed counsel in this case. O.C.G.A. § 24-5-501(a)(2); *See also*, *Carlye v Lai*, 783 SW2d 925, 929 (Mo. App 1989).

The *Lai* case properly held that accessing the legal system is normally not to be discouraged and exercising one's right to utilize the legal system within the rules and procedures should normally not be used to attempt to discredit a litigant with jury. The right to seek the advice of counsel risks reversal when attempting to discredit a litigant cross-examining him about the time and circumstances of his having consulted an attorney to discuss his legal rights. Defendant should not be permitted to make any comment about the time or circumstances under which

plaintiff employed her attorneys, or the length of time between the date of the occurrence and the filing of this action.  *See,* e.g., *Turner v. W. E. Pruett Co. Inc.*, 202 Ga. App. 287, 414 S.E. 2d 248 (1991)(finding that timing of when suit is filed is irrelevant).

In addition, any reference or suggestion regarding the existence of a contingent fee arrangement between plaintiff and her counsel should also be excluded. See *O.C.G.A. § 24-2-1*; *Stoner v. Eden*, 199 Ga. App. 135, 137, 404 S.E.2d 283, 285 (1991). "Evidence is relevant if it relates to the questions being tried by the jury, either directly or indirectly tends to illustrate or explain the issue, or aids the jury in arriving at the truth." *Bituminous Casualty Corp. v. Mowery*, 145 Ga. App. 45, 244 S.E.2d 573, 576 (1978).  Neither the circumstances of Plaintiffs' hiring of counsel or the existence of a contingent fee arrangement between Plaintiffs and counsel has any bearing on any issue of this case nor does provide any aid to the jury in arriving at the truth in this matter.  As such, any reference to the circumstances of Plaintiffs' hiring of counsel and the existence of a contingent fee arrangement is improper and should be excluded.

**9.     Statements Between Plaintiffs and their Counsel**

Plaintiffs move this Court for an Order excluding any statements between Plaintiffs and their counsel, as they are covered by the attorney client privilege. OCGA § 24-5-501(a)(2).   This motion also encompasses any questions by Defendant that would require Plaintiffs to respond with information gained from attorney-client communications.

**10.     Seatbelt Use**

Plaintiffs move an order excluding any argument or suggestion that Plaintiffs were not wearing seatbelts at the time of this wreck. No such contentions, statements or testimony should be made or given at any time during the trial, from voir dire through final argument and charge. Additionally, all references to the Plaintiffs' not wearing a seatbelt should be redacted from any medical records. O.C.G.A. § 40-8-76.1; *Hockensmith v. Ford Motor Co.,* 2003 U.S. Dist. LEXIS 27528, *11-12, 2003 WL 25639639 (N.D. Ga. Apr. 17, 2003).

**11.     How Plaintiffs Came to Know Their Doctors**

Plaintiffs move this Court for an order excluding any reference, suggestion, inquiry or innuendo that Plaintiffs were referred to any of their treating medical care providers by their attorneys.  According to Federal Rules of Evidence 402,

"Irrelevant evidence is not admissible." How Plaintiffs came to know of their medical providers and how they chose their medical providers has no bearing on the issues of liability, causation or damages in this case.

In the case of *Waits v. Hardy*, 214 Ga. 495, 496, 105 S.E.2d 719, 721 (1958), the Supreme Court was considering a hearsay statement by a treating physician's secretary that plaintiff's counsel referred the plaintiff to the doctor. The Supreme Court was specifically considering whether the admission of said hearsay statement was grounds for a new trial.  The Court wrote as follows:

> A witness may not be impeached simply for the reason that his testimony concerning a wholly immaterial matter may not be in accord with the truth.
>
> *Both the Court of Appeals and this court in the opinions in this case above cited have said that who referred the plaintiff to the doctor was in effect immaterial.*

*Waits,* 214 Ga. at 496, 105 S.E.2d at 721 (1958)(emphasis added).

As such, any reference to whether counsel referred Plaintiffs to a provider should be excluded as immaterial to the issues at trial.

### 12.     Document Request Forms from Attorney's Offices

Defendant has pointed out in at least one trial deposition that a HIPAA authorization from Plaintiff's counsel was contained in the file of a treating provider. Plaintiff moves for an order excluding said authorization forms and any reference to them. Said forms are required for the production of medical records and their presence has no relevance on the issues of liability, causation and damages in this case.

### 13.     Hearsay and Anecdotal Statements Regarding Medical Causation

Defendant, through questioning or in argument, may make statements about what doctors would say or might say regarding the causation of the Plaintiffs' injuries. Such statements are hearsay and should be excluded.

Additionally, Defendant's counsel may argue that he once herniated a disc while shoveling. Defendant's counsel is not a witness and is not providing evidence in this case. This statement is no different from someone stating "I knew a guy from my office who herniated a disc while picking up his newspaper." These anecdotal stories are simply that: stories with no evidentiary value, made by someone not a witness to the case. Any such statements should be excluded.

-10-

**14.    Any Questioning by Defendant's Counsel regarding Medical**

**Literature that does not Conform with FRE 803(18)**

During the deposition of one of Plaintiffs' treaters, Defendant's counsel referred to an alleged scientific theory and essentially testified to said theory during the deposition of the treater. Such questioning is a violation of the requirements of FRE 803(18), and as such said questioning by Defendant's counsel should be excluded

**15.    Any Arrests of Plaintiffs**

Plaintiffs seeks an order excluding any arrests of the Plaintiffs, as only certain criminal convictions are admissible under FRE 609.

**16.    Victor Moyer's Shower Slip and Fall**

In May 2016, Victor Moyer slipped and fell in the shower and went to the emergency room as a result. This incident has no relevance to this litigation and the injuries Victor suffered in the collision, and as such it should excluded.

Respectfully submitted, this 18th day of May, 2017.


**Kaufman Law, P.C.**
100 Galleria Parkway, SE                     *s/Mark L. Stuckey*_____
Suite 1100                                   Mark L. Stuckey
Atlanta, GA 30339                            Georgia Bar No. 271020
(404) 355-4000                               Meredith M. Parrish
mstuckey@kaufmanlaw.net                      Georgia Bar No. 860703
mp@kaufmanlaw.net                            *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2017, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of the filing to the following:

> Richard C. Foster, Esq.
> Elizabeth L. Bentley, Esq.
> CARLOCK, COPELAND & STAIR LLP
> 191 Peachtree Street, Suite 3600
> Atlanta, GA 30303
> rfoster@carlockcopeland.com
> bbentley@carlockcopeland.com
>
> *Attorneys for Defendant New Prime, Inc., d/b/a Prime, Inc.,*

This 18th day of May, 2017.


**Kaufman Law, P.C.**

| | |
|---|---|
| 100 Galleria Parkway, SE | *s/Mark L. Stuckey* |
| Suite 1100 | Mark L. Stuckey |
| Atlanta, GA 30339 | Georgia Bar No. 271020 |
| (404) 355-4000 | *Attorney for Plaintiffs* |
| mstuckey@kaufmanlaw.net | |